UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JAMES FARNSWORTH,

        Plaintiff,                      Case No. 17-cv-10726
                                               Hon. Matthew F. Leitman
v.

S. PURDY and M. FLOYD,

        Defendants.

_____/

**<u>ORDER (1) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1),
(2) DENYING PLAINTIFF'S REQUEST TO COMPEL THE LAW
LIBRARY TO MAKE COPIES AS MOOT (ECF #5), AND (3)
CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN
IN GOOD FAITH</u>**

Plaintiff Brandon James Farnsworth is a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan. On March 6, 2017, Farnsworth filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleged that two prison employees, Defendants S. Purdy and M. Floyd, violated his rights under the Due Process Clause. (*See* ECF #1.) Farnsworth also asked the Court in a written letter to compel his prison law library to make copies of his Complaint. (*See* ECF #5). For the reasons stated below, the Court **DISMISSES** the Complaint and **DENIES** Farnsworth's letter request as moot.

**I**

Farnsworth alleges that on July 5, 2016, he was fired from his prison job as a food service worker due to misconduct involving theft. (*See* Compl., ECF #1 at Pg. ID 4.) In addition, Farnsworth says that he lost three days of privileges and that Defendants S. Purdy, a prison classification director, and M. Floyd, a deputy warden, placed him on unemployable status for thirty days. (*See id.*) At the expiration of that thirty day period, Farnsworth was placed on a yard crew for 120 days. (*See id.*)

On July 12, 2016, Farnsworth filed a grievance against Purdy and Floyd related to the discipline he received. (*See id.*) His grievance was ultimately denied at all three steps of the grievance process. (*See id.*)

Farnsworth filed this action on March 6, 2017, against Purdy and Floyd in their "official capacities." (*Id.* at Pg. ID 1-2.) He claims that Purdy and Floyd violated his rights to life, liberty, and due process of law under the Fourteenth Amendment. (*See id.* at Pg. ID 4.) Specifically, he insists that when Purdy and Floyd placed him on unemployable status after he already lost three days of privileges, he was subjected to a "double sanction" that violated Paragraph X of Michigan Department of Corrections Policy Directive 05.01.100. (*Id.*) Farnsworth seeks $100 per day for each day that he was placed on unemployable status and $100 per day for each day that he spent on yard crew, for a total of $15,000. (*See id.* at Pg. ID 4-

5.) He also asks the Court to suspend Purdy and Floyd for thirty days. (*See id.* at Pg. ID 5.)

At the same time Farnsworth filed his Complaint, he also filed an application to proceed *in forma pauperis* in this action. (*See* ECF #2.) The Court granted that application on March 9, 2017. (*See* ECF #4.)

## II

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *see also Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Finally, to prevail on a claim under Section 1983, a plaintiff must prove that (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III

Farnsworth's Complaint fails to state a claim and is subject to dismissal for several reasons.

First, Farnsworth has failed to plausibly allege a violation of his *constitutional* rights. As noted above, Farnsworth claims that Defendants violated his Due Process rights when they subjected him to a "double sanction" in violation of Paragraph X of Michigan Department of Corrections Policy Directive 05.01.100.[1] (Compl., ECF #1 at Pg. ID 4.) However, all Farnsworth has alleged is that the Michigan

---

[1] Paragraph X provides in relevant part that "a prisoner may be reclassified as unemployable and therefore be ineligible for a work assignment" if he, among other things, "has a documented history of disruptive behavior on a work or school assignment." Mich. Dep't of Corr. Policy Directive 05.01.100, page 4 (effective Jan. 6, 2014).

4

Department of Corrections (the "MDOC") enacted a policy and that Defendants acted contrary to that policy. "[A]n MDOC employee's failure to follow a Policy Directive does not, in and of itself, rise to the level of a constitutional violation." *Spears v. Engstrom*, 2012 WL 2992603, at *2 (E.D. Mich. July 20, 2012) (citing cases); *see also Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir.1992) (holding that an officer's violation of police department policies did not, in and of itself, constitute a violation of Section 1983).

Second, Farnsworth has not identified a sufficient liberty or property interest that can support his Due Process claim. Farnsworth insists that Defendants violated his liberty interest under the Due Process Clause when they placed him on "unemployable" status. But "prisoners do not have a "constitutional right to prison employment or a particular prison job." *Martin v. O'Brien*, 207 Fed. App'x 587, 590 (6th Cir. 2006); *see also Williams v. Straub*, 26 Fed. App'x 389, 390-91 (6th Cir. 2001) (affirming dismissal of prisoner's Section 1983 Due Process claim that being placed on "unemployable status" without a hearing violated his Due Process rights). Where, as here, a plaintiff has not identified "a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

Third, to the extent Farnsworth alleges that Defendants violated his rights under the Constitution's Double Jeopardy Clause because they subjected him to a "double sanction," such an allegation lacks merit because "[t]he Double Jeopardy Clause was not intended to inhibit prison discipline . . . ." *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008), as amended on denial of reh'g and reh'g en banc (Feb. 25, 2009).

Fourth, Farnsworth has sued the Defendants in their official capacities for money damages (*see* Compl. at Pg. ID 1-2), and that claim is barred by the doctrine of sovereign immunity. Defendants were state correctional officials at the time in question, and "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Farnsworth's request for monetary damages is barred by the sovereign immunity granted to states under the Eleventh Amendment. *See id.*

Finally, while Farnsworth seeks injunctive relief in the form of suspending the Defendants from their jobs, "federal courts have no authority . . . to fire state employees or to take over the performance of their functions." *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977). The Court therefore will not order the suspension of either Defendant.

# IV

For the reasons stated above, Farnsworth's Complaint fails to state a plausible claim for which relief may be granted. Accordingly, **IT IS HEREBY ORDERED THAT** the Complaint (ECF #1) is **DISMISSED** under Section 1915(e)(2)(B).

**IT IS FURTHER ORDERED THAT** Farnsworth's written request for an order to compel prison officials to make copies of the Complaint (ECF #5) is **DENIED** as moot.

**IT IS FURTHER ORDERED THAT** any appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113